UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HOLLY ANDERSON, Individually, and as the Personal Representative of the Estate of Tyler Anderson, Deceased and on Behalf of Infant N.A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:15-cv-00176-DBH |

**ORDER ON MOTION TO SEAL**

This matter is before the Court on Plaintiff's motion to seal (a) her motion for approval of the settlement achieved on behalf of a minor, (b) all documents filed in support of the motion, and (c) the Court's order on the motion for approval of the minor settlement. None of the parties objects to the motion to seal. I grant the motion in part.

**Discussion**

When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

In support of the motion to seal, Plaintiff asserts that confidentiality was a term of the parties' settlement agreement. In this case, therefore, the countervailing interest to public access is the interest in promoting settlement and the enforcement of parties' settlement terms. To the extent the filings are unrelated to the minor settlement and thus do not require judicial scrutiny and are not the subject of any judicial action, the parties' interest in maintaining the confidentiality of the terms of their settlement agreement, and the more general interest in promoting the resolution of disputes prevail over the right of access.

The result of the balancing of the interests, however, differs when the terms of the minor settlement are considered. While I appreciate that the resolution of matters before trial can be beneficial to parties to litigation and to the administration of justice, I am not persuaded that in this case the interest outweighs the public's right of access to the judicial proceedings and records related to the minor settlement. Because the parties have requested that the Court approve the settlement on behalf of the minor, the Court must assess the record to determine whether the settlement is "'fair, reasonable and in the best interests of the minor.'" *M.Y. v. Danly, Inc.*, Nos. 2:09-cv-00108, 2:10-cv-00308, 2011 WL 794292 *1 (D. Me. Mar. 1, 2011) (quoting *Holbrook v. Andersen Corp.*, 756 F. Supp. 34, 38 (D. Me. 1991)). The public interest in access to judicial decisions and the record upon which the decisions are based is of "paramount" significance. *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). In short, the seal of the pleadings and other submissions relevant to the Court's assessment of the minor settlement is not warranted.

## Conclusion

Based on the foregoing analysis, the Court grants in part the motion to seal. The Confidential Release, Settlement and Indemnity Agreement shall be sealed except for the following: beginning in the middle of page 3 with subparagraph (b) and ending on page 7

immediately before the section entitled "Indemnification." This unsealed portion shall be redacted to remove personal identifying information regarding the minor. Within seven (7) days of the date of this Order, the parties shall file a redacted version of the Confidential Release, Settlement and Indemnity Agreement consistent with this Order. In addition, the parties shall review the motion for approval of minor settlement and the documents filed in support of the motion, and shall redact any personal identifying information regarding the minor. Within seven (7) days of the date of this Order, the parties shall file redacted versions of the documents, or notify the Court that the documents as filed do not contain any personal identifying information regarding the minor. The seal of the documents currently on the docket shall remain provided the parties file redacted versions of the documents as specified herein. The Court's order on the motion for approval of the minor settlement will not be sealed.

## CERTIFICATE

Any objections to this order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of June, 2016.